# Court of Appeals
# of the State of Georgia

ATLANTA,  September 19, 2025

*The Court of Appeals hereby passes the following order:*

**A26A0231. MIMY NGALULA v. YVES LETUNITA**.

Mimy Ngalula ("Wife") and Yves Letunita ("Husband") were divorced in January 2025. The final judgment and decree of divorce, as well as a post-judgment order clarifying that decree, required the sale of the couple's marital residence and the division of the proceeds. Several months after the divorce, Wife filed the underlying motions for contempt against Husband, asserting that Husband had violated the final divorce decree and post-judgment order  regarding the sale of the marital residence. She further claimed that Husband had failed to comply with certain provisions of the divorce decree related to visitation and child support. Additionally, one of Wife's contempt motions asked that the court issue a restraining order against Husband requiring him to cease and desist his alleged harassment of Wife.  Following a hearing, the trial court entered an order that granted Wife's contempt motion as to Husband's failure to pay child support; denied the contempt motion based on Husband's alleged failure to comply with the orders related to the sale of the marital residence; and denied Wife's remaining requests for relief. After the trial court denied her motion for reconsideration, Wife filed this direct appeal. We lack jurisdiction.

Appeals from orders in "divorce, alimony, and other domestic relations cases," including orders holding persons in contempt of such orders, must be initiated by filing an application for discretionary review. OCGA § 5-6-35 (a) (2), (b); see *Evans v. Jackson*, 368 Ga. App. 170, 173 (1) (b) (889 SE2d 343) (2023). Compliance with the discretionary appeals procedure is jurisdictional. *Hair Restoration Specialists v. State of Ga.*, 360 Ga. App. 901, 903 (862 SE2d 564) (2021).

Because the order at issue arose out of a domestic relations case, Wife was required to file an application for discretionary appeal to obtain appellate review of that order. Her failure to do so deprives us of jurisdiction over this appeal, which is hereby DISMISSED. See *Russo v. Manning*, 252 Ga. 155, 156 (312 SE2d 319) (1984).



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* 09/19/2025

 *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

 *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*